## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **CHLOE LIEBOLD**<br>300 W. Adams Street<br>Green Springs, Ohio 44836,<br><br>    Plaintiff,<br><br>vs.<br><br>**CEDAR FAIR ENTERTAINMENT COMPANY,**<br>By and through its Statutory Agent,<br>**RICHARD L. KINZEL**<br>One Causeway Drive<br>Sandusky, Ohio 44870,<br><br>and<br><br>**MAGNUM MANAGEMENT CORPORATION,**<br>By and through its Statutory Agent,<br>**CORPORATION SERVICE COMPANY**<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215,<br><br>    Defendants. | Case No.<br><br>Judge<br><br>**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT FOR NONPAYMENT OF WAGES; CLASS ACTION COMPLAINT FOR VIOLATION OF O.R.C. §4111.03**<br><br>**JURY DEMAND ENDORSED HEREON** |

Now comes the Plaintiff, on behalf of herself and all others similarly situated, by and through counsel, and brings this action against Defendants Cedar Fair Entertainment Company ("Cedar Fair") and Magnum Management Corporation ("Magnum") for damages and relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Ohio Revised Code § 4111.03, and they hereby state the following:

1

## **NATURE OF COLLECTIVE ACTION AND CLASS ACTION**

1. This is a collective action and class action instituted by the Plaintiff as a result of Defendants' practice of not paying its employees, including the Plaintiff, appropriate wages for hours worked overtime, in violation of federal and state wage and hour laws.

2. Pursuant to 29 U.S.C. § 216(b) for claims under FLSA and Rule 23 F. R. Civ. P. for claims under Ohio law, Plaintiff brings this action on her own behalf, and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by the Defendants' unlawful conduct.

3. This is a collective action under the FLSA for: (a) back overtime pay; (b) liquidated damages; (c) injunctive and affirmative relief requiring that the Defendant designate "opt-in" Plaintiffs who are still currently employed by Defendant as "non-exempt" for purposes of federal wage and hour laws; (d) punitive damages and compensatory damages; (e) attorney fees; and (f) such other relief as my be appropriate.

4. The "class" which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which the Plaintiff herself is a member, is composed of and defined as follows:

   > All persons, male and female, formerly or currently employed by either or both Defendants at any time within the past three years, who were employed by Defendants in positions not related to seasonal amusement or recreational services and who were not paid for overtime work.

5. Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it exceeds forty (40) persons. Written consent of the named Plaintiff is filed herewith and further consents will be filed as additional opt-in Plaintiffs elect to join the class under the FLSA.

6. As set forth herein, this collective and class action meets the requirements for being maintained and prosecuted as a class action in that Plaintiff and potential opt-in Plaintiffs are all similarly situated.

7. Plaintiff will fairly and adequately represent and protect the interests of the members of the class. The interests of the representative and the interests of all class members are aligned. Plaintiff is attempting to benefit all class members. Plaintiff shares the same interests as each class member – full and fair compensation for damages resulting from Defendants' misconduct. The fact that Plaintiff's claims are typical of the claims of the class ensures that the Plaintiff will preserve the interest of all class members. Plaintiff does not have any interest that competes with the interests of other class members because by pursuing her own interests, Plaintiff advances the interests of the entire class. There are no potential conflicts of interest between the proposed class representative and the members of the class. The claims of all parties arise from a similar fact pattern and are based upon identical theories of law.

8. Plaintiff's claims focus entirely on Defendants' wrongful conduct and thus are typical of the claims of the class. Plaintiff asserts claims involving specific actions taken by Defendants affecting the entire class. Consequently, Plaintiff meets the typicality requirement because her claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theories.

9. Plaintiff's counsel are experienced class action attorneys who will represent the Plaintiff and the putative class competently.

## JURISDICTION AND VENUE

10. This is a "collective" action authorized by and instituted under the FLSA, which is federal law. This court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331.

11. Written consents to join this action, including those executed by other individual Plaintiffs, will be filed pursuant to §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.*

12. Plaintiff and other potential Plaintiffs were employed in this District and a substantial amount of the conduct giving rise to Plaintiff's claims occurred within this District. Thus, venue properly lies within the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. §1391(c).

## PARTIES

13. Plaintiff restates and realleges Paragraphs one (1) through twelve (12).

14. Plaintiff Chloe Liebold is an adult resident of the State of Ohio who currently resides in Green Springs, Ohio.

15. Defendant Cedar Fair Entertainment Company ("Cedar Fair") is a Delaware for-profit corporation with its principal place of business in Sandusky, Ohio.

16. Defendant Magnum Management Corporation ("Magnum") is an Ohio for-profit corporation with its principle place of business in Sandusky, Ohio.

17. Defendants are and, at all times material to this action were, "employer(s)" of Plaintiff and all members of Plaintiff's class pursuant to FLSA and R.C. 4111.03.

18. Defendants are and, at all times material to this action were, an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. Defendants are and, at all times material to this action were, enterprises engaged in interstate commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

20. Plaintiff worked for Defendants in Sandusky, Erie County, Ohio as a Special Events Intern from on or about May 6, 2019 until August 15, 2019. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e).

## FACTS

21. Plaintiff restates and realleges Paragraphs one (1) through twenty (20).

22. Plaintiff and other members of her class were seasonal workers at Cedar Point, which is owned by the Defendants.

23. Cedar Point is primarily known as an amusement park, but also provides non-recreational services, including several hotels.

24. Plaintiff Chloe Liebold was employed by Defendants as a Special Events Intern from May 6, 2019 through August 15, 2019.

25. Plaintiff's job duties consisted entirely of food service in the form of catering events. Plaintiff supervised a team of other seasonal workers who would set up reserved space for events where park guests or business guests would be served food, usually through a covered-dish buffet.

26. Plaintiff's duties never required her to guide or interact with park guests during any of the recreational activities offered at the Cedar Point amusement park or any of its related hotels or other locations.

27. Plaintiff often worked more than forty (40) hours in a week, sometimes up to sixty (60) hours in a week.

28. Plaintiff always clocked-in at the beginning of her shift and clocked-out when she left.

29. Plaintiff was paid her normal hourly rate for every hour worked but was not paid an overtime rate for her hours worked over forty (40) hours in any week.

## COUNT I - OVERTIME VIOLATIONS UNDER FLSA

30. Plaintiff restates and reallege Paragraphs one (1) through twenty-nine (29).

31. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek. 29 U.S.C § 207.

32. Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

33. Plaintiff was hired as an employee eligible for overtime.

34. During the course of her employment Plaintiff did not receive pay for overtime work.

35. Defendants' actions, policies, or practices of not paying for overtime work violate the FLSA's overtime requirement by designating Plaintiff and other similarly situated employees, whose duties indicate they should not be exempt from federal overtime requirements, as exempt, and regularly and repeatedly failing to calculate and compensate them at the required overtime rate.

36. The above-described violations of the FLSA complained of by Plaintiff were willful and systematic and have similarly affected all other members of the collective action so that the claims of such members are common and typical to each other.

37. Defendants knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff and other similarly situated employees overtime compensation in violation of the FLSA.

38. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and other similarly situated employees have suffered a loss of income and other damages. Plaintiff

is also entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

39. By failing to accurately record, report, or preserve records of hours worked by the Plaintiff and other similarly situated employees, Defendants failed to make, keep, and preserve records with respect to each of them sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

41. The above-described willful and systematic violation of the FLSA complained of by the Plaintiff has similarly affected all other members of the collective so that the claims of such members are common and typical to each other.

## COUNT II. OVERTIME VIOLATIONS UNDER OHIO REVISED CODE §4111.03

42. Plaintiff restates and realleges Paragraphs one (1) through forty-one (41) as if fully restated herein.

43. R.C. 4111.03 requires employers to pay employees for overtime at a wage rate of one and one-half times the regular wage rate for hours worked in excess of forty (40) hours in one workweek.

44. Defendants suffered and permitted Plaintiff and other similarly situated employees to regularly work more than forty (40) hours in one workweek.

45. Plaintiff and other similarly situated employees never received overtime pay for working over forty (40) hours in one workweek.

46. Plaintiff's work duties were not exempt from the overtime pay requirements of R.C. 4111.03.

47. Defendants' actions, policies, or practices of not paying for overtime work violate R.C. 4111.03's overtime requirement.

48. Defendants knew, or showed reckless disregard for the fact, that they failed to pay their employees overtime in violation of R.C. 4111.03.

49. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and other similarly situated employees have suffered a loss of income and other damages. Plaintiff is also entitled to liquidated damages, attorneys' fees and costs incurred in connection with this claim.

50. The above-described willful and systematic violation of R.C. 4111.03 complained of by the Plaintiff has similarly affected all other members of the putative class so that the claims of such members are common and typical to each other.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all those similarly situated collectively request that this Court grant Plaintiff and the collective/class a permanent injunction enjoining Defendants, its agents, its successors, employees and other representatives from engaging in or continuing to engage in any employment acts, policies, practices, or procedures which violate the FLSA, and instructing Defendants to designate Plaintiff and all other employees similarly situated as "non-exempt," and award against the Defendants and in favor of the Plaintiff and the collective/class she represents actual damages for back overtime pay, liquidated damages, penalties, punitive damages and compensatory damages, plus attorneys' fees and all such other relief as may be appropriate;

WHEREFORE, Plaintiff demands, on her behalf and on behalf of the putative collective and class members, judgment in their favor and against Defendants as follows:

A. For actual damages for overtime compensation under the FLSA and R.C. 4111.03;

B. For liquidated damages under the FLSA in an amount equal to actual damages;

C. For wages and compensation owed;

D. For attorneys' fees under the FLSA and R.C. 4111.03;

E. Costs; and,

F. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests a trial by jury.

Dated this 4th day of March, 2020.

                                            Respectfully submitted

                                            */s/ Joseph F. Albrechta*
                                            Joseph F. Albrechta (0008478)
                                            John A. Coble (0016445)
                                            ALBRECHTA & COBLE, Ltd.
                                            2228 Hayes Avenue, Suite A
                                            Fremont, Ohio 43420
                                            (419)332-9999 – Telephone
                                            (419)333-8147 – Facsimile
                                            E-mail: kwitte@lawyer-ac.com
                                                                     jcoble@lawyer-ac.com

                                            *Attorneys for Plaintiff*