UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chloe Liebold, *et al.*,                                            Case No.  3:20-cv-498

                          Plaintiffs,

              v.                                                     MEMORANDUM OPINION
                                                                          AND ORDER

Cedar Fair Entertainment
Company, *et al.*,

                          Defendants.

## I. INTRODUCTION

Plaintiffs Chloe Liebold, Brittany Bowers, and Bryce Vanderwall assert claims for the alleged

violation of state and federal overtime compensation laws against Defendants Cedar Fair L.P.,

Magnum Management Corporation, Richard A. Zimmerman, Daniel J. Hanrahan, Matthew Ouimet,

Tim V. Fisher, and Brian Witherow.  (Doc. No. 16).  Cedar Fair and Magnum operate Cedar Point,

an amusement park located in Sandusky, Ohio, and the individual Defendants are officers of one or

both corporate Defendants.  (*Id.* at 7-9).  Plaintiffs seek to pursue their claims on behalf of

themselves as well as other former and current Cedar Fair and Magnum employees through a class

action and a collective action.  (*Id.* at 3-5).

The individual Defendants filed a motion to dismiss the claims Plaintiffs have alleged against

them.  (Doc. No. 26).  The corporate Defendants filed a motion for judgment on the pleadings,

arguing they are not required to pay overtime under the amusement or recreational establishment

exemption in 29 U.S.C. § 213(a)(3).  (Doc. No. 28).  Plaintiffs filed a motion for leave to file a third

amended complaint, (Doc. No. 32), as well as a motion to strike exhibits attached to Defendants'
answer to the Second Amended Complaint.  (Doc. No. 33).  Briefing has been completed on all of
these motions.

For the reasons stated below, I deny Plaintiffs' motions to strike and for leave to amend, and
grant Defendants' motion for judgment on the pleadings.

## II.   BACKGROUND

Liebold, Bowers, and Vanderwall are all former Cedar Point employees who last worked for
Defendants in August 2019.  Liebold was a Special Events Intern from May 6, 2019 through August
15, 2019.  (Doc. No. 16 at 9).  She "supervised a team of seasonal [food service] employees who
would set up reserved space for events where park guests or business guests would be served food,
usually through a covered-dish buffet."  (*Id.* at 10).

Bowers worked as a Senior Human Resources Representative from May 2018 through
August 2019.  She supervised interns, helped manage applications from and orientation for seasonal
workers, and performed other human resource related tasks.  (*Id.*).

Vanderwall was a Retail Management Intern from May 2019 through August 2019, and
"spent the majority of his time supervising other seasonal retail employees, facilitating merchandise
returns, and restocking inventory in [Defendants' twelve] retail stores."  (*Id.*).

All three Plaintiffs allege they were never required to "guide or interact with park guests
during any of the recreational activities offered by Defendants at the Cedar point amusement park
or any of its related hotels or other locations."  (*Id.*).

## III.   STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule
12(b)(6) motion to dismiss.  *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).
A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-

pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[D]ocuments attached to the pleadings become part of the pleadings" and may be considered on a motion for judgment on the pleadings. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)).  Courts also may consider matters of public record without converting a motion to dismiss into one for summary judgment. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001); *see also Pearce v. Faurecia Exhaust Sys., Inc.*, 529 F. App'x 454, 459 (6th Cir. 2013) (Source "typically used for judicial notice . . . [include] a dictionary, public record, or . . . a newspaper article.").

### IV.    ANALYSIS

The Fair Labor Standards Act provides that an employee is not entitled to overtime pay if the employee is "employed by an establishment which is an amusement or recreational establishment . . . if . . . it does not operate more than seven months in any calendar year . . . ."  29 U.S.C. § 213(a)(3).  Defendants argue they are entitled to judgment on the pleadings and the dismissal of all of Plaintiffs' claims because they are not required to pay overtime compensation pursuant to § 213(a)(3).

#### A.    PLAINTIFFS' MOTION TO STRIKE

The duration of operation limitation in the statute leads to the parties' dispute over attachments to Defendants' answer to the Second Amended Complaint.  Defendants attached what they assert are operating calendars for Cedar Point from 2018 and 2019.  (Doc. Nos. 29-1 and 29-2).  Plaintiffs argue I should strike these filings from the record because the filings have not been authenticated, they are not relevant to Plaintiffs' allegations, and, if they are relevant, they are

hearsay.  (Doc. No. 33).  Defendants contend the calendars are relevant and admissible because "the allegations in Plaintiffs' Second Amended Complaint reference the seasonal nature of the business and do not put year-round operations in dispute."  (Doc. No. 36).

I need not determine whether the documents are admissible at this stage, or if those documents constitute part of the pleadings pursuant to Rule 10.  In deciding a motion for judgment on the pleadings, I may (and will) take judicial notice of commonly known and available facts.  *See Pearce.*, 529 F. App'x at 459.  News articles predating this litigation demonstrate Defendants operated Cedar Point for fewer than eight months in the calendar years of 2018 and 2019.  *See* Justin Dietz, *Mark Your Calendars: Important 2018 Cedar Point Dates*, Sandusky Register, April 8, 2018, https://sanduskyregister.com/news/15046/ mark-your-calendars-important-2018-cedar-point-dates/; Susan Glaser, *Cedar Point's HalloWeekends 2018 Opens Friday With New Haunts, Attractions For Tweens*, Sep. 13, 2018, https://www.cleveland.com/life-and-culture/erry-2018/09/ b610d2181d4086/cedar-points-halloweekends-ope.html; Camryn Justice, *A Visitor's Guide to Cedar Point 2019*, News 5 Cleveland, May 26, 2019, https://www.news5cleveland.com/tablet-showcase/lifestyle/a-visitors-guide-to-cedar-point-2019#:~:text=May%2011%2D%20June%209.

While I will not consider the specific documents Defendants have filed, Plaintiffs have not demonstrated it is appropriate to strike those documents from the record and, therefore, I will deny their motion to strike.  (Doc. No. 33).  Further, I take judicial notice of the commonly known fact that Cedar Point operates for fewer than eight months in a calendar year.

## B.    MOTION FOR JUDGMENT ON THE PLEADINGS

The "logical purpose" of the seasonal amusement or recreational establishment exemption is to exempt amusement parks and similar activities, "which by their nature, have very sharp peak and slack seasons . . . [from] the same wage and hour requirements as permanent, year-round operations."  *Brock v. Louvers and Dampers, Inc.*, 817 F.2d 125, 1258-59 (6th Cir. 1987).  "The crucial

question for the purpose of determining whether or not a business falls within the exemption is whether or not it is truly seasonal." *Id.* at 1259. Cedar Point – an amusement park which operates for fewer than eight months in the calendar year – is exempt from the overtime pay provisions of 29 U.S.C. § 207.

Relying primarily on *Chao v. Double JJ Resort Ranch*, 375 F.3d 393 (6th Cir. 2004), Plaintiffs contend "Defendants' enterprise is presumed not to be an exempt entity due to its hybrid recreational/ non-recreational nature." (Doc. No. 30 at 6-9). But Plaintiffs' preferred reading of *Double JJ* falls short.

In that case, the Sixth Circuit did not presume that an amusement or recreational establishment does not satisfy § 213(a)(3) if it conducts some activities which are non-recreational in nature. Instead, the Sixth Circuit expressly held Double JJ was not "in the recreation business . . . [because its] primary purpose is to sell food[] and rent beds; the recreational activities are just a carrot enticing people to make the trip." *Double JJ*, 375 F.3d at 398. The Sixth Circuit then discussed the possibility that some parts of Double JJ might qualify as recreational services and pointed to a multi-factor test set out in 29 C.F.R. § 799.305. *Id.* at 398-99.

Importantly, the Court of Appeals did not apply this test first, and then conclude Double JJ did not qualify. Rather, the court looked first to Double JJ's "principal activity" and its "primary purpose." *Id.* at 397-98.

Plaintiffs' citation to *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72 (2nd Cir. 2015), fares no better. In that case, the Second Circuit explicitly rejected the application of the multi-factor test to the seasonal exemption. *Id.* at 79 ("Nor do we find merit in Chen's contention that 29 C.F.R. § 779.305 applies a multi-prong test to determine the relevant establishment for exemptions based on the seasonality of operations.") (citation and internal quotation marks omitted). Instead, the Second Circuit considered the "ordinary, common-sense meaning" of the terms "amusement" and

5

"recreation," and concluded that FanFest (the event at issue in that case), fit within the § 213(a)(3) exemption because it was "frequented by the public for its amusement or recreation," and "for the purposes of entertainment." *Id.* at 82.

In short, Plaintiffs fail to show Defendants are disqualified from the § 213(a)(3) exemption simply because their business involves some dining, room-renting, and shopping operations. (*See* Doc. No. 30 at 6-7). The pleadings demonstrate Defendants' "principal activity is selling recreational activities." *Double JJ*, 375 F.3d at 397. Thus, Defendants fall within the letter and spirit of the amusement and recreational establishment exemption.

## C. MOTION TO AMEND

Plaintiffs requested leave to file a third amended complaint if I concluded Defendants' arguments in support of their Rule 12(c) motion have merit. (Doc. No. 32). Defendants assert Plaintiffs' proposed amendments are futile and that the request for leave is made in bad faith. (Doc. No. 37 at 2).

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. Pro. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are

critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

While I am not persuaded Plaintiffs' proposed amendments are offered in bad faith, I conclude Plaintiffs are not entitled to leave to amend because their proposed amendments are futile. Plaintiffs argue their proposed amendments offer "greater clarity, particularly with regard to the year-round Cedar Fair enterprises for which plaintiffs (and the class/collective they represent) worked." (Doc. No. 38 at 2). Their proposed amendments, however, do not provide this clarity.

The principal changes in the proposed third amended complaint are in the definitions of the collective and class Plaintiffs seek to represent. In those paragraphs, Plaintiffs assert they are similarly situated to former and current employees "who were employed by these Defendants in positions at establishments which were not related to seasonal amusement or recreational services." (Doc. No. 32-1 at 3, 4). The equivalent paragraphs in the Second Amended Complaint define the employee group as those employed "in positions not related to seasonal amusement or recreational services." (Doc. No. 16 at 3, 4).

These proposed changes are legal conclusions and Plaintiffs do not offer new facts to support them. Moreover, the proposed changes rely on the validity of Plaintiffs' *Double JJ* theory for applying the § 213(a)(3) exemption, and I already have concluded that that legal position is not correct.

Plaintiffs also argue their proposed amendments would establish they worked for "year-round Cedar Fair enterprises." (Doc. No. 38 at 2). This argument stands on stronger legal footing than their *Double JJ* argument. The Sixth Circuit previously has counseled that it is appropriate for a court to focus on the overall duration of an amusement or recreational establishment's operations and not only on the time period in which the establishment "provides amusement or recreation for its customers." *Bridewell v. Cincinnati Reds*, 68 F.3d 136, 138-39 (6th Cir. 1995) (holding, while "a truly

seasonal business that employs an insignificant number of workers year-round could conceivably qualify for the exemption," the stipulated facts in that case demonstrated defendant operated year-round).

Plaintiffs, however, have not pled plausible factual allegations to support this legal argument. The proposed third amended complaint contains a single reference to non-seasonal operations (Bowers' employment in the human resources department for over a calendar year), but this reference is not new, and it is not sufficient. Plaintiffs' proposed pleading does not expressly allege at any point that Defendants operate a year-round business. While Defendants have "the burden of proving entitlement to the exemption," *Brock*, 817 F.2d at 1256, the procedural posture of this case requires Plaintiffs to rebut Defendants' showing in order to obtain leave to amend their complaint.

Plaintiffs plainly were on notice of the importance of the Defendants' period of operation. They went so far as to move to strike exhibits to Defendants' answer in an attempt to rebut Defendants' arguments in support of the amusement or recreational establishment exemption. The proposed amendments do not cure this defect in the pleadings, and Plaintiffs have not demonstrated justice requires that they be given yet another opportunity to do so.

## V.    CONCLUSION

For the reasons stated above, I deny Plaintiffs' motions to strike, (Doc. No. 33), and for leave to amend. (Doc. No. 32). I grant Defendants' motion for judgment on the pleadings. (Doc. No. 28). I deny as moot the individual Defendants' motion to dismiss. (Doc. No. 26).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

8